UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 5:09-cv-077-JBC

ASHLEY ANDREWS and
ASHTONWOOD STUD ASSOCIATES, L.P.                                         PLAINTIFFS

and

FIFTH THIRD BANK, N.A.,                                         INTERVENING PLAINTIFF

V.                **MEMORANDUM OPINION AND ORDER**

ROBERT RAPHAELSON and
KENTUCKY BLUE STABLES,                                                   DEFENDANTS

\* \* \* \* \* \* \* \* \* \*

## I. INTRODUCTION

This case is a foreign judgment enforcement action concerning a judgment entered in the United States District Court for the District of Nevada on May 1, 2008, and registered in this Court on November 5, 2008. The Nevada case was an action containing claims for breach of fiduciary duty, conversion, and fraud, and violations of certain Nevada state statutes. The named defendants in the Nevada case were Robert B. Raphaelson, Lucille R. Raphaelson, Kentucky Blue Stables, Robert Greenbaum, and Thoroughbred Advisory Group, Inc.

As set forth in the certified Judgment in a Civil Case filed herein by Plaintiffs, the jury in the underlying Nevada case awarded Plaintiffs damages against Defendants Robert Raphaelson ("Raphaelson") and Kentucky Blue Stables ("KBS"). Specifically, the Nevada jury awarded Plaintiffs compensatory damages of $795,699 against Raphaelson and KBS (with a credit of $510,625 previously paid to plaintiffs, resulting in remaining compensatory damages of $285,074) on Plaintiffs' claims of conversion and fraud, and further awarded $855,222 in punitive damages against Raphaelson. The Court also awarded a constructive trust in the amount of $162,500 in the real property known as 32 Gulf Stream Court in Las Vegas, Nevada. However, the jury found for

defendant, Lucille R. Raphaelson ("Mrs. Raphaelson"), on all claims asserted against her by Plaintiffs, and, based on that finding, the Nevada court dismissed all of the claims asserted against her for breach of fiduciary duty, conversion and fraud. Thus, plaintiffs have no monetary judgment to enforce against Mrs. Raphaelson.

After the Nevada judgment was registered with this Court, a number of non-wage garnishment orders were issued and served upon various third-party garnishees. Some of these third-party garnishees, such as Fasig-Tipton Company and Taylor Made Farm, Inc., responded to the garnishment orders, certifying that they were not indebted to nor did they hold any property belonging Raphaelson or KBS while others, such as Claiborne Farm, Keeneland Association, Inc., Lanes End Farm, Mill Ridge Farm, responded by indicating that they held thoroughbred horses, stallion shares and/or proceeds therefrom for or on behalf of Raphaelson or KBS on which Fifth Third Bank claimed to hold a prior, perfected lien.

Pursuant to this Court's Order entered herein on December 31, 2008, Fifth Third Bank ("Fifth Third") was permitted to file an Intervening Complaint in this foreign judgment enforcement action, for the purpose of asserting a claim based on its alleged priority in certain equine collateral pledged to Fifth Third by Robert Raphaelson. Fifth Third's claims are based on various promissory notes and Security Agreements executed on or about June 5, 2006; January 10, 2007; October 1, 2007; November 26, 2007; and April 1, 2008. Each of these loan transactions occurred prior to the entry of the jury verdict and judgment in favor of the Plaintiffs in the underlying Nevada litigation. Essentially, Fifth Third seeks a declaratory judgment that its interest in the various equine collateral identified in Plaintiff's various garnishment orders was and is a first, prior lien superior to Plaintiffs' judgment against defendants Raphaelson and KBS. Fifth Third also seeks an award of costs and attorneys fees and any and all other relief to which it may appear entitled.

Thus, this case, which began as a foreign judgment enforcement action, has evolved and now concerns not only the enforcement of the foreign judgment entered by the United States District for the District of Nevada, but also lien priority disputes as between plaintiffs (based upon their various

2

garnishment orders) and intervening plaintiff Fifth Third based upon security agreements executed by Raphaelson between June 5, 2006 and April 1, 2008.

This matter is presently before the court on the motion of Lucille R. Raphaelson ("Mrs. Raphaelson) and defendants Raphaelson and KBS for a protective order concerning certain discovery

requests plaintiffs served to Fifth Third on or about January 13, 2009 [DE #49], and on plaintiffs' subsequently filed, related motion to compel intervening plaintiff Fifth Third Bank to produce the documents requested in plaintiffs' First Request for Production and Inspection of Documents at issue herein. [DE #52]. These motions have been fully briefed and are ripe for review.[1]

## II.  MOTION FOR PROTECTIVE ORDER and MOTION TO COMPEL

As grounds for their motion for a protective order to prohibit Fifth Third from producing some of the financial information requested in plaintiffs' First Request for Production and Inspection of Documents, Mrs. Raphaelson and defendants Raphaelson and KBS acknowledge that while some of the requested information is relevant, they contend that to the extent any such requested financial information does not relate to (a) the Judgment Debtors' financial position as of November 5, 2008, the date of registration of the foreign judgment in the Eastern District of Kentucky, and (b)the security agreements executed between June 5, 2006 and April 1, 2008, it is overly broad and invasive, and that it seeks irrelevant and confidential information exceeding the scope of permissible discovery.  Additionally, Mrs. Raphaelson and defendants Raphaelson and KBS contend that some of this financial information, such as the joint income tax returns of defendant Raphaelson and his wife, Lucille R. Raphaelson,  likely contains personal, confidential financial information of Lucille R. Raphaelson, a non-party to the present action, whose financial information should not be disclosed to plaintiffs since plaintiffs have no judgment against her.

---

[1]  By Order of March 12, 2009, the district court referred all discovery disputes to the undersigned Magistrate Judge for resolution.  See DE #57.

In response to the motion for a protective order and in support of their motion to compel, plaintiffs assert that Fifth Third should be required to produce the withheld documents and information for the following reasons: (1) the documents and information may assist plaintiff Mrs. Andrews in identifying assets belonging to Mr. Raphaelson against which she can proceed for the purpose of collecting the Nevada Judgment, if there are any such assets; (2) the documents and information are necessary to resolve issues of fact as to whether the security interests given to Fifth Third by Mr. Raphaelson in the cumulative amount of $13.9 million were fraudulent conveyances and/or encumbrances within the meaning of KRS § 378.010, and are therefore void as to Mrs. Andrews; and (3) the documents and information are necessary to resolve issues of fact as to whether Fifth Third should be required to marshal the collateral pledged by Mr. Raphaelson – a question that must be answered if the Court determines that fewer than all of the Fifth Third security interests are void.

In response to plaintiffs' motion to compel, intervening plaintiff Fifth Third states that although it has no dog in this fight between plaintiffs and defendants, in the interests of protecting the confidential, financial information of its customers, it has declined to produce the documents requested by plaintiffs' First Request for Production and Inspection of Documents in the absence of a court order directing it do so.

**Applicable Law**

The Federal Rules of Civil Procedure expressly provide for broad discovery from any person in aid of execution of a judgment. Rule 69(b) states that in "aid of the judgment or execution, the judgment creditor . . . may obtain discovery from any person – including the judgment debtor – as provided in these rules or by the procedure of the state where the court is located." The scope of post-judgment discovery is "very broad," *United States v. Conces*, 507 F.3d 1028, 1040 (6th Cir. 2007) (citations omitted), and the creditor is entitled to "utilize the full panoply of federal discovery measures" provided for under federal and state law to obtain information from parties and non-parties alike, including information about assets on which execution can issue or about assets

that have been fraudulently transferred. *Magnaleasing, Inc. v. Staten Island Mall*, 76 F.R.D. 559 (S.D.N.Y. 1977) (judgment creditor entitled to discover portions of a settlement agreement relating to the existence or transfer of defendants' assets, where it was alleged that the agreement involved improper transfers of such assets).

In addition to obtaining discovery from the judgment debtor concerning the judgment debtor's assets, the judgment creditor is also entitled to discover information concerning the judgment debtor's spouse. "It is beyond question that a judgment creditor is allowed to ask a judgment debtor for asset and financial information relating to the debtor's spouse or other family members." *Nat'l Union Fire Ins. Co. of Pittsburgh v. Van Waeyenberghe*, 148 F.R.D. 256, 256-257 (N.D. Ind. 1993); *see also United States v. Cimino*, 219 F.R.D. 695, 696-97 (N.D. Fla. 2003) (requiring production of joint bank account records of judgment debtor and husband, despite alleged privacy concerns); *cf. G-Fours, Inc. v. Miele*, 496 F.2d 809, 811-12 (2nd Cir. 1974) (information regarding judgment debtor's bank accounts, property and recent transfers of money and property to his wife was not confidential and therefore was not protected from disclosure by the marital communications privilege in a collection proceeding). Such information is relevant as it may lead to the discovery of marital assets out of which the judgment may be recovered, or to money or property that may have been transferred to the spouse to evade creditors. *G-Fours, Inc. v. Miele*, *supra*, (affirming trial court's order holding judgment debtor's spouse in contempt for refusing to answer interrogatories relating to judgment debtor's bank accounts and property, as well as recent transfers to the spouse); *Resolution Trust Corp. v. Ruggiero*, 994 F.2d 1221, 1224 (7th Cir. 1993) (noting counsel had been sanctioned for instructing debtor's spouse not to answer questions regarding her finances and ownership of real property).

Additionally, even if such information were considered confidential, the fact that "sensitive information is involved in litigation gives a party neither an absolute nor automatic right to have the discovery process hindered." *Magnaleasing*, 76 F.R.D. at 562 (citations omitted) (permitting discovery of relevant portions of a settlement agreement despite the presence of a confidentiality

clause). Courts must balance concerns about disclosing information that is embarrassing or prejudicial against the liberal federal principles favoring disclosure. *Johnson Foils, Inc. v. Huyck Corp.*, 61 F.R.D. 405, 409 (N.D.N.Y. 1973).

Moreover, where information disclosed indicates that the assets, while nominally owned by the spouse, are in fact equitably owned by the judgment debtor, courts have permitted creditors to collect a judgment out of these spousal assets. For example, in *Resolution Trust Corp. v. Ruggiero*, *supra,* the Seventh Circuit affirmed a trial court's order that real estate nominally titled in the spouse's name be transferred to the debtor as equitable owner, even though most of the properties had been purchased and placed in the spouse's name before the creditor obtained its judgment, where the examination of the spouse indicated that she had no idea of what the properties were worth or how they were encumbered, and that she had no profession, business activity, income, or separate wealth out of which she might have purchased the properties. *Resolution Trust Corp.*, 994 F.2d at 1227-28; *see also Fraser v. United States*, 145 F.R.D. 139, 142-45 (6th Cir. 1944) (affirming trial court's order enjoining the debtor from transferring assets and requiring money in his wife's possession to be held by the Court, pending a determination of whether these proceeds were obtained by the improper sale of cotton for which defendant had been assessed penalties).

**Discussion/Analysis**

**a.     scope of discovery**

Defendants contend that the time-frame encompassed by plaintiffs' <u>First Request for Production and Inspection of Documents</u> exceeds the scope of permissible discovery. Specifically, they argue that to the extent any such requested financial information does not relate to (a) the Judgment Debtors' financial position as of November 5, 2008, the date of registration of the foreign judgment in the Eastern District of Kentucky, and (b)the security agreements executed between June 5, 2006 and April 1, 2008, it is overly broad and invasive, and that it seeks irrelevant and confidential information exceeding the scope of permissible discovery.

The Magistrate Judge is unpersuaded by this argument. The documents plaintiffs seek are relevant to plaintiffs' execution efforts, fraudulent conveyance argument, and marshaling of assets request. The documents in Fifth Third's custody that concern defendant Raphaelson's present and past financial situation: (a) are relevant and necessary to plaintiffs' efforts to execute the Nevada judgment; (b) are necessary to resolve issues of fact as to whether the security interests given to Fifth Third by Mr. Raphaelson in the cumulative amount of $13.9 million were fraudulent conveyances and/or encumbrances within the meaning of KRS § 378.010, and are therefore void as to Mrs. Andrews; and (c) are necessary to resolve issues of fact as to whether Fifth Third should be required to marshal the collateral pledged by Mr. Raphaelson – a question that must be answered if the Court determines that fewer than all of the Fifth Third security interests are void.

For all of the foregoing reasons, the Magistrate Judge concludes that plaintiffs' document requests do not exceed the scope of permissible discovery from the defendants or Fifth Third.

b. **relevancy**

Mrs. Raphaelson and defendant Raphaelson acknowledge that some of the documents plaintiffs have requested from Fifth Third seek relevant information; however, the movants contend that plaintiffs' request for documents reflecting financial information concerning Mrs. Raphaelson seek irrelevant information since plaintiffs do not have a judgment against Mrs. Raphaelson.

Mrs. Raphaelson and defendant Raphaelson are correct that all claims against Mrs. Raphaelson were dismissed and that plaintiffs' do not have a monetary judgment against Mrs. Raphaelson; however, as noted above, the Nevada district court awarded a constructive trust in plaintiffs' favor in the amount of $162,500 in the real property known as 32 Gulf Stream Court in Las Vegas, Nevada; Mrs. Raphaelson is sole owner of record of said real estate. Thus, to the extent of the foregoing constructive trust awarded to the plaintiffs, Mrs. Raphaelson is a party to the Nevada judgment. For these reasons, the Magistrate Judge is unpersuaded by movants' argument that the documents requested from Fifth Third concerning Mrs. Raphaelson's financial information are irrelevant and need not be produced.

The jointly filed income tax returns of Mrs. Raphaelson and her husband, defendant Raphaelson, are the only category of documents which Mrs. Raphaelson specifically objects to producing. As explained above, those particular documents are relevant financial documents that a judgment creditor would be entitled to discover in a judgment enforcement action such as this. See *Esasky v. Forrest*, *supra,* 499 S.E.2d 413, 415 (Ga. App. 1998) (ordering post-judgment production of documents relating to judgment debtor's spouse's assets and finances, including jointly-filed tax returns); *Nat'l Union Fire Ins. Co. of Pittsburgh v. Van Waeyenberghe*, *supra*; *United States v. Cimino*, *supra*.

**c.      privacy concerns/confidential nature of financial information requested**

Mrs. Raphaelson and defendant Raphaelson also object to the production of any Fifth Third documents that would reveal Mrs. Raphaelson's financial information which she considers to be "private and personal."

Even if such financial information were considered confidential, the fact that "sensitive information is involved in litigation gives a party neither an absolute nor automatic right to have the discovery process hindered." *Magnaleasing*, 76 F.R.D. at 562 (citations omitted) (permitting discovery of relevant portions of a settlement agreement despite the presence of a confidentiality clause). Courts must balance concerns about disclosing information that is embarrassing or prejudicial against the liberal federal principles favoring disclosure. *Johnson Foils, Inc. v. Huyck Corp.*, 61 F.R.D. 405, 409 (N.D.N.Y. 1973).

Furthermore, as noted above, in addition to obtaining discovery from the judgment debtor concerning the judgment debtor's assets, the judgment creditor is also entitled to discover information concerning the judgment debtor's spouse. "It is beyond question that a judgment creditor is allowed to ask a judgment debtor for asset and financial information relating to the debtor's spouse or other family members." *Nat'l Union Fire Ins. Co. of Pittsburgh v. Van Waeyenberghe*, 148 F.R.D. 256, 256-257 (N.D. Ind. 1993); *see also United States v. Cimino*, 219 F.R.D. 695, 696-97 (N.D. Fla. 2003) (requiring production of joint bank account records of

judgment debtor and husband, despite alleged privacy concerns); *cf. G-Fours, Inc. v. Miele*, 496 F.2d 809, 811-12 (2nd Cir. 1974) (information regarding judgment debtor's bank accounts, property and recent transfers of money and property to his wife was not confidential and therefore was not protected from disclosure by the marital communications privilege in a collection proceeding). Such information is relevant as it may lead to the discovery of marital assets out of which the judgment may be recovered, or to money or property that may have been transferred to the spouse to evade creditors. *G-Fours, Inc. v. Miele*, *supra*, (affirming trial court's order holding judgment debtor's spouse in contempt for refusing to answer interrogatories relating to judgment debtor's bank accounts and property, as well as recent transfers to the spouse); *Resolution Trust Corp. v. Ruggiero*, 994 F.2d 1221, 1224 (7th Cir. 1993) (noting counsel had been sanctioned for instructing debtor's spouse not to answer questions regarding her finances and ownership of real property).

Additionally, the record reflects that Mrs. Raphaelson testified in the Nevada litigation that she was not involved in Mr. Raphaelson's business dealings and that she had not guaranteed or provided any credit support for her husband's borrowings. (See Green Exhibit A, ¶¶ 126, 132, 133, 138.) She testified that she had no income and that her only significant assets were the family homes in Las Vegas and Aspen. (See Green Exhibit A; Green Exhibit C at 173:5-174:6, 176:21-23, 179:9-180:4.) Assuming the truthfulness of her prior testimony, Fifth Third should have no information concerning her, except possibly joint income tax returns that confirm she has earned no income. If, on the other hand, information in the custody of Fifth Third contradicts her prior testimony, either by confirming that Mrs. Raphaelson has allowed Mr. Raphaelson to use her real property for credit support to facilitate fraudulent transfers to Fifth Third, or by confirming that Mr. Raphaelson has placed valuable assets in Mrs. Raphaelson's name to place them beyond the reach of a judgment creditor, such information would be relevant to Mrs. Andrews's execution efforts.

For these reasons, discovery of any documents in Fifth Third's custody that refer or relate to Mrs. Raphaelson is not only permissible, it is particularly appropriate. The numerous reasons why information in Fifth Third's custody is relevant and necessary to plaintiffs' collection

proceedings far outweigh any claimed privacy concerns, particularly where information relating to Mrs. Raphaelson's finances has already been made a matter of public record without her objection.

Nevertheless, out of an abundance of caution to Mrs. Raphaelson's rights, the Magistrate Judge concludes that the documents produced by Fifth Third in response to plaintiffs' document requests should be not be for public dissemination and should be subject to the terms of a Confidentiality Order which the court has fashioned and which will be entered contemporaneously herewith.

Accordingly, **IT IS HEREBY ORDERED**, as follows:

1. The motion of Lucille R. Raphaelson and defendants Raphaelson and KBS for a protective order concerning certain discovery requests plaintiffs served to Fifth Third on or about January 13, 2009 [DE #49] is **DENIED**.

2. The objection of Lucille R. Raphaelson and defendants Raphaelson and KBS to the First Request for Production and Inspection of Documents at issue herein as being overly broad and invasive and seeking irrelevant information that exceeds the scope of permissible discovery is **OVERRULED**.

3. Plaintiffs' motion to compel intervening plaintiff Fifth Third Bank to produce the documents requested in plaintiffs' First Request for Production and Inspection of Documents at issue herein [DE #52] is **GRANTED**.

4. Fifth Third is directed to respond to the First Request for Production and Inspection of Documents at issue herein. The responsive documents shall be produced pursuant to the terms of a Confidentiality Order entered contemporaneously herewith.

This 30th day of April, 2009.



Signed By:
*James B. Todd*
United States Magistrate Judge