UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

**CIVIL ACTION NO. 09-77-JBC**

**ASHLEY ANDREWS, ET AL.,**                                          **PLAINTIFFS,**

**V.**           **MEMORANDUM OPINION AND ORDER**

**ROBERT B. RAPHAELSON, ET AL.,**                                **DEFENDANTS.**

\* \* \* \* \* \* \* \* \* \*

This matter is before the court upon the intervening plaintiff's motion for summary judgment on the issue of priority (R. 47).  The court, having reviewed the record and being otherwise sufficiently advised, will deny the motion as premature.

The plaintiffs, Ashley Andrews and Ashtonwood Stud Associates, LP (collectively "Andrews"), brought an action to register a foreign judgment in this court.  Ms. Andrews received a judgment in the Nevada District Court against Robert Raphaelson in the amount of $1,146,180.97.  In executing the judgment, this court issued garnishment orders on multiple parties, including Fifth Third Bank ("Fifth Third"), Claiborne Farms, Keeneland Association, Lane's End Farm, and Mill Ridge Farm among others.  Fifth Third filed an intervening complaint in this action alleging that its interest in the collateral identified in the plaintiffs' garnishment orders is first, prior and superior to the plaintiffs' judgment lien.  Each of the parties served with garnishment orders, and who hold property belonging to Mr. Raphaelson, agreed to hold the property until the court determines the rights of priority as between Fifth Third and the plaintiffs.

The plaintiffs argue that there are genuine issues of material fact that prevent summary judgment on the priority issue. As there has not been adequate opportunity for discovery, the plaintiffs cannot appropriately respond to the summary judgment motion.

After time for adequate discovery, summary judgment is appropriate if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In deciding the motion, the court must view the evidence and draw all reasonable inferences in favor of the non-moving party. *Celotex*, 477 U.S. at 330-31. A court may deny a motion for summary judgment as premature where the non-moving party has not had a sufficient opportunity to conduct discovery. *Wallin v. Norman*, 317 F.3d 558 (6th Cir. 2003); *see also* Fed. R. Civ. P. 56(f). The denial of a motion for summary judgment on this ground requires that the party seeking additional discovery file an affidavit setting forth the need for discovery and what the party hopes to uncover during the discovery process. *Ball v. Union Carbide Corp.*, 385 F.3d 713, 719-20 (6th Cir. 2004).

The plaintiffs have not had sufficient opportunity to conduct discovery in this case. In their Rule 56(f) affidavit the plaintiffs assert that they will take discovery on various issues related to this action and the priority issue. *See* Declaration of Christopher M. Green, at 8, attached to R. 50. After reviewing the plaintiffs' response to the motion and the supporting affidavit, the court agrees that the

summary judgment motion is premature.

Accordingly,

    **IT IS ORDERED** that the intervening plaintiff's motion for summary judgment (R. 50) is **DENIED** as premature without prejudice to its reassertion.

Signed on  June 10, 2009



JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY